IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MELVA SHUTTS FARRIS,

        Plaintiff,

v.                           CIVIL ACTION NO. 2:17-cv-02051

NANCY A. BERRYHILL,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Judge Aboulhosn submitted his Proposed Findings and Recommendation [ECF No. 15] ("PF&R") and recommended that the court grant the plaintiff's motion for judgment on the pleadings to the extent that this matter be remanded back to the Commissioner, deny the defendant's request for judgment on the pleadings, reverse the final decision of the Commissioner, and remand this matter back to the Commissioner. The defendant filed timely Objections [ECF No. 16] to the Magistrate Judge's findings and recommendation, and the plaintiff filed a Response [ECF No. 17].

The court has reviewed *de novo* those portions of the Magistrate Judge's PF&R to which the defendant objects and finds that the objections lack merit. For the reasons set forth below, the court **OVERRULES** the defendant's objections and **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge [ECF No. 15]. The court **GRANTS** the plaintiff's motion for judgment on the pleadings as articulated in her Brief in Support of Judgment on the Pleadings [ECF No. 12] to the extent that this matter be remanded back to the Commissioner, **DENIES** the defendant's motion for judgment on the pleadings as articulated in her Brief in Support of Judgment of Defendant's Decision [ECF No. 13], **REVERSES** the final decision of the Commissioner, and **REMANDS** this action back to the Commissioner.

I.   Factual and Procedural History

The plaintiff, Melva Shutts Farris, filed her application for Title II benefits on June 4, 2013, alleging disability since April 22, 2013, because of Addison's disease, depression, spinal stenosis (lower back), sciatica, steroid induced psychosis, suspicious glaucoma, diabetes insipidus, hypoparathyroidism, pituitary tumor surgery, Grave's disease, and adult growth hormone. PF&R 2. The plaintiff's claim was initially denied on November 12, 2013, and again upon reconsideration on April 21, 2014. *Id.* An administrative hearing was held on January 5, 2016, and thereafter the Administrative Law Judge (the "ALJ") entered an unfavorable decision. *Id.* On March 30, 2016, the plaintiff sought review by the Appeal's Council. *Id.* On January

31, 2017, the ALJ's decision became final when the Appeal's Council denied the plaintiff's request. *Id.* On March 28, 2017, the plaintiff timely brought this action seeking judicial review of the administrative decision. Compl. [ECF No. 1]. On October 23, 2017, Judge Aboulhosn submitted a PF&R recommending that the case be remanded back to the Commissioner because the Commissioner, through the ALJ, failed to explain the weight given to one of the plaintiff's treating physicians, Dr. Milhoan. PF&R 21–24.

## II. Standards of Review

### a. Proposed Findings of Fact and Recommendations

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."*Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).

### b. Social Security Appeals

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

3

conclusive." 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

### III. Analysis

The defendant submitted two objections to the PF&R. First the defendant argues that the PF&R "reweighed the evidence and failed to recognize not only the substantial evidence, but the overwhelming evidence regarding [the plaintiff's] lack of fatigue in finding that remand was warranted for further consideration of Dr. Milhoan's 'opinion' regarding his assessment of [the] plaintiff's fatigue as caused by Seroquel." Def.'s Objs. to R. & R. 2. Second, the defendant argues that the PF&R "erroneously characterized Dr. Milhoan's statement regarding the disabling effect of Seroquel as 'opinion evidence' entitled to an assignment of weight." *Id.* at 8.

Dr. Milhoan completed a Treating Physician or Direct Care Provider Form for the Disability Determination Service in which he stated that the plaintiff was taking Seroquel which was very sedating, and concluded that "she is truly disabled." PF&R 23. The ALJ held that

> [t]hough a treating provider, Dr. Milhoan's findings were conclusory in nature. He gave essentially no physical limitations. He failed to provide any specific functional limitation and failed to provide a cogent assessment of how fatigue, if any, from use of Seroquel would render one incapable of performing skilled work or sustained sedentary level work.

Tr. 33 [ECF No. 8-2].

In the PF&R, Judge Aboulhosn found that "the ALJ did not explicitly assign weight to the relevant medical evidence provided by Dr. Milhoan." PF&R 22. Judge Aboulhosn determined that this was not harmless error and further explained:

5

> [t]o the extent that Dr. Milhoan opined that Claimant was disabled, clearly such a determination is reserved to the Commissioner, and the ALJ had no duty to give it any special significance. 20 C.F.R. § 404.1527(d)(3). Nevertheless, the treating source opinion evidence related to Claimant's fatigue due to Seroquel was entitled to special deference treatment, and the ALJ had an obligation to provide this Court with the proper evaluation and explanation for the weight given in order for this Court to engage in meaningful review.

PF&R 23–24.

Regarding the defendant's first objection, Judge Aboulhosn did not reweigh evidence in finding that remand was warranted for further consideration of Dr. Milhoan's opinion. Instead, Judge Aboulhosn correctly found that the ALJ was required to explain what weight was given to Dr. Milhoan's opinion. Courts "cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). This is especially true for the opinions of treating physicians. *Newhart v. Colvin*, No. 6:13-cv-01606, 2014 WL 1330929, at *3–4 (S.D. W. Va. Mar. 31, 2014) ("Importantly, if the treating source opinion is not afforded controlling weight . . . the ALJ must then determine what, if any, weight to give the opinion by examining several regulatory factors. . . . The regulation contains a clear pronouncement that the ALJ 'will always give good reasons in our notice of determination or decisions for the weight we give [a claimant's] treating source's opinion.'") (quoting 20 C.F.R. § 404.1527(d)(2)). Judge Aboulhosn correctly found that the ALJ failed to expressly assign weight to Dr. Milhoan's opinion regarding the

6

plaintiff's fatigue resulting from her Seroquel. Though the ALJ discussed the evidence at length, he did not explain how much weight he was giving to this evidence or his reasons for doing so. The objection is overruled.

As to the defendant's second objection, the PF&R does not "erroneously characterize[] Dr. Milhoan's statement regarding the disabling effect of Seroquel as 'opinion evidence' entitled to an assignment of weight." Def.'s Objs. to R. & R. 8. It is true that Dr. Milhoan's report contains determinations that are not medical opinions and thus are not entitled to deference from the ALJ. However, the report also states that the plaintiff was experiencing fatigue due to the Seroquel. This is medical opinion evidence entitled to deference. Therefore, the ALJ was required to state what weight was given to the opinion and why. He failed to do so. The objection is overruled.

## IV. Conclusion

The court **OVERRULES** the defendant's objections. The court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge. The court **GRANTS** plaintiff's motion for judgment on the pleadings as articulated in her Brief in Support of Judgment on the Pleadings [ECF No. 12] to the extent that this matter be remanded back to the Commissioner, **DENIES** the defendant's motion for judgment on the pleadings as articulated in her Brief in Support of Judgment of Defendant's Decision [ECF No. 13], **REVERSES** the final decision of the Commissioner, and **REMANDS** this action back to the Commissioner.

7

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented party.

ENTER: May 11, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE